PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
_____ LODGED
_____ RECEIVED

**April 10, 2007**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____ DEPUTY

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re:<br><br>KARI LYNNE WEBER,<br><br>               Debtor. | Case No. 06-41108 |
| DAVID KELLY AUSTRENG,<br><br>               Plaintiff,<br><br>    v.<br><br>KARI LYNNE WEBER,<br><br>               Defendant. | Adversary No. 06-4160<br><br>**MEMORANDUM DECISION**<br><br>**NOT FOR PUBLICATION** |

THIS MATTER came before the Court for trial of the above-entitled adversary proceeding, on April 4, 2007. Plaintiff David Kelly Austreng (Plaintiff) failed to appear and Defendant Kari Lynne Weber (Defendant) appeared in person by and through her attorney Randall Stewart. The Court having taken the testimony of the Defendant and having admitted into evidence Defendant's trial exhibits numbers D1 through D18 inclusive, now makes its Findings of Fact and Conclusions of Law.

MEMORANDUM DECISION - 1

## FINDINGS OF FACT

In early 2004, the Plaintiff and Defendant became socially acquainted and subsequently romantically involved. Relating that his access to consumer credit was impaired by a pending dissolution of his marriage, Plaintiff induced Defendant to open various lines and types of consumer credit in her name for the use of Plaintiff.  At the commencement of their relationship, the Defendant was intermittently employed earning less than $5,000.00 per year in 2004 and 2005. The Plaintiff was initially unemployed and without regular income, but the testimony indicates that he induced Defendant's extension of consumer credit for Plaintiff's benefit based upon Plaintiff's expectation of disability income, which Plaintiff thereafter did receive.

The Defendant opened a new bankcard account with Discover Card in her name for Plaintiff's use.  While the parties agreed that Plaintiff would pay such charges as he accrued on the Discover account, he failed to do so.  The Defendant subsequently paid such account in the amount of $4,614.00 with funds borrowed from her parents.

In July, 2004, the Defendant purchased in her name for Plaintiff's use a Yamaha Wave Runner jet ski costing $8,069.00.  Defendant financed the purchase of the jet ski in her name, but Plaintiff agreed to make the loan payments.  The Plaintiff initially made the financing contract installment payments, however, Defendant subsequently paid $476.00 on this contract.

In September, 2004, the parties contemplated the purchase of a residence to be custom built by Holt Homes.  The real estate construction and purchase was contracted in only the Defendant's name. Prior to closing, the parties paid Holt Homes $5,039.00,

MEMORANDUM DECISION - 2

$5,000.00 of which was contributed by Plaintiff and $39.00 was contributed by Defendant. In March, 2005, the Defendant paid Holt Homes an additional $750.00.

In December, 2004, the Defendant purchased in her name for Plaintiff's use a 2004 Ford F-150 truck with a purchase price of approximately $32,000.00. The Defendant also purchased and paid for casualty insurance on the truck in the amount of $362.68. Plaintiff initially made the purchase financing payments on the Ford truck, however, the Plaintiff subsequently defaulted, and the Defendant made four payments of $600.00 each, totaling $2,400.00.

In January, 2005, the Plaintiff drafted a three-page document entitled "Letter of Agreement" (Agreement), that the Plaintiff and Defendant executed on January 18, 2005. The Agreement contemplates both the historical advancement of credit obtained for Plaintiff's benefit by the Defendant, as well as the anticipated further advancements of credit by the Defendant for Plaintiff's benefit. This included the subsequent closing on the Holt Home purchase and the financing of computer equipment for a web site design business that the Plaintiff had organized as a corporate entity under the name and style of "e-business operations, Inc." Although Plaintiff structured such corporation in the name of Defendant as the only stockholder, officer and director of the corporation, the Defendant had no personal skills or knowledge of the business operation and did not participate in the business. The Plaintiff exclusively operated such corporate enterprise for his own benefit.

With respect to the parties' pending real estate purchase from Holt Homes, the Agreement acknowledged that Plaintiff had contributed $5,000.00 of the initial deposit and contemplated that the purchase would be concluded by "leveraging Kari's credit and David's cash," providing the Plaintiff would contribute an additional $12,000.00 at closing. The parties

would subsequently each pay one-half of the monthly mortgage payments, and they would equitably share the ownership of the residence based upon their economic contribution to the closing costs and the mortgage payments.

At closing of the real estate purchase, the Plaintiff contributed no funds to the closing. Following closing of the purchase, the Plaintiff alone moved into the purchased home. Plaintiff subsequently advised the Defendant that he was terminating his social and economic relationships with her. However, thereafter, the Defendant had the Plaintiff evicted from the residence. The Plaintiff had made no mortgage payments on the residential debt. The Defendant subsequently made mortgage payments on such purchase in an amount totaling not less than $18,522.00. After evicting the Plaintiff from the home, the Defendant further incurred expenses of $250.00 to remove the Plaintiff's personal possessions and store the possessions for his benefit.

On October 3, 2005, the Plaintiff filed a voluntary Chapter 7 bankruptcy and was granted a discharge on November 9, 2006. The cause of action maintained by Plaintiff in this adversary proceeding was duly scheduled by Plaintiff and claimed by him as exempt property.

On May 24, 2006, the Defendant filed the above case. The Defendant was granted a discharge on November 9, 2006. The Plaintiff commenced this adversary proceeding seeking to enforce the parties' Agreement of January 18, 2005, seeking relief that Plaintiff holds a non-dischargeable debt based upon his $5,000.00 contribution to the deposit for home construction and to impose a "resulting trust" in the real property purchased by Defendant from Holt Homes.

On January 9, 2007, in Defendant's related Chapter 7 case, the Court entered an order authorizing Defendant to sell free and clear of liens and claims the real property described as

the newly constructed residence purchase by Defendant from Holt Homes, more particularly identified as Lot 55, BELLWOOD HEIGHTS PHASE 1, Plat records of Clark County, Washington. The Defendant subsequently sold such real property and caused the net proceeds of sale totaling $10,837.57 to be deposited in the client trust account of her attorney, Randall Stewart, as directed by the Court.

## CONCLUSIONS OF LAW

A preponderance of the evidence admitted at trial does not support a determination of the non-dischargability with respect to Plaintiff's contribution of $5,000.00 to the real property construction contract entered into by Defendant with Holt Homes. Such cause of action is dismissed with prejudice.

The Letter of Agreement executed between the parties on January 18, 2005, specified the economic parameters of a common transaction between the parties that encompassed Defendant's contribution of her credit for the benefit of Plaintiff, with Plaintiff to pay the resulting credit costs incurred by Defendant. Such common transaction encompassed the purchase and financing of the new residence intended for the parties, the jet ski for Plaintiff, the credit card account secured by Defendant for Plaintiff's use, and the Ford truck purchased by Defendant for Plaintiff's use.

The Defendant substantially complied with all provisions of the parties' Agreement to her detriment. The Plaintiff substantially defaulted with respect his financial obligations under such Agreement, resulting in Defendant's cash expenditure to support Plaintiff's economic defaults to the extent of $27,413.68.

MEMORANDUM DECISION - 5

The Defendant is entitled to recoup her losses against Plaintiff's claim for his $5,000.00 contribution to the real property purchase deposit. Plaintiff is entitled to no equitable interest in the purchased real property or in the proceeds of the sale of such property.

By reason of their respective Chapter 7 discharges, neither party is entitled to any further economic claim or damages against the other arising out of the transactions subject to this adversary proceeding.

DATED:        April 10, 2007

_____
Paul B. Snyder
U.S. Bankruptcy Judge

MEMORANDUM DECISION - 6